## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 23-8044-WM

UNITED STATES OF AMERICA,

Plaintiff,

vs.

BELAS SHELTON ROSIER,

Defendant.

_____/

## CRIMINAL COVER SHEET

1.     Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

Yes     X **No**

2.     Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

Yes     X **No**

3.     Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

Yes     X **No**

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: _____

JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office:    (561) 820-8711
John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>BELAS SHELSON ROSIER<br><br>_____<br>*Defendant(s)* | )<br>)<br>)  Case No.  23-8044-WM<br>)<br>)<br>) |

FILED BY ___ **SW** ___ D.C.

**Jan 27, 2023**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ 06/22/2022 _____ in the county of _____ Palm Beach _____ in the
_____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) | Possession with Intent to Distribute Controlled Substances, to include 400 grams or more of a mixture and substance containing fentanyl. |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Anderson Sullivan, Special Agent, HSI
*Printed name and title*

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date: _____ 01/27/2023 _____

_____
*Judge's signature*

City and state: _____ West Palm Beach, Florida _____

Hon. William Matthewman, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**
**Case No. 23-8044-WM**

Your affiant, Anderson Sullivan, first being duly sworn, does hereby depose and state as follows:

**Introduction**

1.      Your affiant submits this Affidavit in support of an Application seeking judicial approval to obtain an Arrest Warrant which your affiant submits for the reasons set forth below, shall constitute probable cause that Belas Shelson ROSIER knowingly and willfully possessed controlled substances, to wit, fentanyl and cocaine, with the intent to distribute such, in violation of 21 U.S.C. §§ 841(a)(l), 841(b)(l)(A) and (B).

2.      Your affiant is a Special Agent assigned to the U.S. Homeland Security Investigations (HSI), Office of the Assistant Special Agent in Charge, West Palm Beach, Florida. I have been a HSI Special Agent since 2007. Prior to being a HSI Special Agent, I served as a Marine Interdiction Agent with United States Customs and Border Protection and as a Marine Enforcement Officer of the former United States Customs Service for approximately five years. In total, I have about 24 years of federal law enforcement experience.

3.      As an HSI Special Agent, my duties and responsibilities include conducting criminal investigations pertaining to Titles 18, 19, and 21 of the United States Code (U.S.C.) and the Code of Federal Regulations (CFR). After being hired as a Marine Enforcement Officer in 2002, I received training at the United States Customs Service Academy. In 2007, as a Special Agent, I received further training at the United States Immigration and Customs Enforcement Academy. At these academies I was trained in the legal principles and statutes representing criminal, civil, and administrative violations of the U.S.C. and the CFR as enumerated in Titles 18, 19, and 21. I have obtained experience from numerous

investigations involving customs laws, narcotics trafficking, firearms violations, and other violations of the United States Code.

4.    This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to arrest Belas Shelson ROSIER, YOB 1991 for:

a.    Knowingly and willfully possessing with the intent to distribute a controlled substance, to wit 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [1- (2-phenylethyl) -4-piperidinyl] propanamide (commonly known as fentanyl), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi);

b.    Knowingly and willfully possessing with the intent to distribute a controlled substance, to wit 10 grams or more of a mixture or substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly known as fentanyl analogue), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi);

c.    Knowingly and willfully possessing with the intent to distribute a controlled substance, to wit 28 grams or more of a mixture known to contain cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); and

d.    Knowingly and willfully possessing with the intent to distribute a controlled substance, to wit a mixture known to contain cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

**Facts in Support of Probable Cause**

5.    On March 9, 2022, the West Palm Beach Police Department (WPBPD), in conjunction with HSI and ATF, executed a Florida state search warrant at Justin Jordan GARTH's residence located in Palm Beach County and the Southern District of Florida.  During the execution of the search warrant, law enforcement personnel discovered and seized from GARTH over 700 grams of fentanyl, over 100 grams of cocaine, three firearms, several cellular telephones, and other evidence indicative of drug trafficking.  GARTH has since been convicted of knowingly and willfully possession with the intent to distribute cocaine and fentanyl in violation of 21 U.S.C. §§ 841(a)(l).

6.    Subsequent to the GARTH residential search warrant, you affiant applied for and received federal search warrants to search GARTH'S cellular telephones.  In one of GARTH'S phones agents discovered a text thread between GARTH and telephone number (561) 360-4751.   The hundreds of messages between GARTH's cellular telephone and the aforementioned number, which spanned the time period of from on or around October, 2021, through on or about March 9, 2022 included conversations about pricing for kilogram and multi-gram quantities of drugs, transfer of tens of thousands of dollars, and meeting locations and times.  Based on your affiant's review of those communications, GARTH was ordering distribution quantities of drugs from the possessor of the phone.   An overwhelming majority of the texts are about setting up drug deals.  AT&T subscriber information identified Belas ROSIER, 1026 Woodfield Road, Greenacres, Florida as the subscriber of the 561-360-4751 telephone number.

7.    In June 2022, Palm Beach County Sheriff's (PBSO) narcotics agents conducted investigative trash pulls from Belas Shelson ROSIER'S residence located at 1026

3

Woodfield Road, Greenacres, Palm Beach County, Southern District of Florida. On at least two occasions, in the trash agents discovered multiple Ziploc style plastic bags that field tested positive for the presence of cocaine. The bags were wet as if they were rinsed out prior to being discarded. Agents also discovered blue and black nitrile examination gloves and correspondence addressed to ROSIER.

8.     On June 22, 2022, PBSO narcotics agents in conjunction with HSI, ATF, and West Palm Beach Police Department, executed a Florida state search warrant on ROSIER'S residence located at 1026 Woodfield Road, Greenacres, Palm Beach County, Southern District of Florida (hereinafter "the residence"). In the garage of the residence, agents discovered and seized two boxes that contained various powders and rock like compounds that field tested positive for cocaine and fentanyl. The agents also discovered and seized drug processing equipment, and re-rocking tools (tools and molds used to press adulterated -- or "cut" -- drugs into bricks). Also in the garage, on the top of a chest freezer, agents discovered and seized a Ziplock bag that contained a pair of black nitrile examination gloves that were wrapped in a ball. Inside the ball of gloves was a clear plastic vacuum type bag that had a powdery residue. The powdery residue field tested positive for fentanyl and cocaine. Based on my training and experience, the quantity of fentanyl and cocaine, together with the drug processing paraphernalia, is highly indicative of an illegal drug distribution operation, and inconsistent with possession solely for personal use or consumption.

9.     The drug evidence and fentanyl/cocaine tainted plastic vacuum bag seized from ROSIER'S residence was divided into 18 exhibits and those exhibits were analyzed by the U.S. Customs and Border Protection (CBP), Laboratories and Scientific Services

4

Directorate (LSSD), Savannah Laboratory.   The following is a summation of the chemical mixtures and weights determined by the CBP LSSD:

a.    571.18 grams of mixtures containing Fentanyl (schedule II);

b.    43.99 grams of mixtures containing Fentanyl (Schedule II), and *Fentanyl Analogues*, to wit p-Fluorofentanyl (Schedule I) and/or p-Fluoro Valeryl Fentanyl (Schedule I);

c.    98.7 grams of a mixture of cocaine base (crack cocaine) (Schedule II);

d.    190.3 grams of mixtures containing cocaine (Schedule II); and

e.    The residue from the plastic vacuum bag was determined to be Cocaine (Schedule II).

10.   The seized drug processing equipment and re-rocking tools were submitted to the West Palm Beach Police Department (WPBPD) Crime Scene Unit (SCU) for latent print processing.   Several latent prints which contain sufficient ridge detail to make them suitable for comparison purposes were lifted from the evidentiary items and compared to ROSIER'S fingerprint standard.   The latent print examiner was able to identify at least two of ROSIER'S prints that were lifted from a Fruit Ninja Blender cup.   The blender was discovered next to the drug evidence and subsequently seized during the execution of the search warrant at ROSIER'S residence.   Based on you affiant's experience, blenders are often used by drug manufacturers and dealers to add "cut" to potent drugs and homogenize the mixture for purposes of resale and distribution.   The latent print examiner also identified four of ROSIER'S prints on the Ziplock bag, that contained the black nitrile gloves, that contained the plastic vacuum bag, that contained cocaine residue.

5

11.    The black nitrile gloves discovered and seized from the ROSIER'S garage were later
swabbed for the presence of DNA by the WPBPD CSU. The swabs were later submitted
to the PBSO Forensic Biology Unit for comparison to ROSIER'S DNA standard which
was obtained pursuant to a federal search warrant in SDFL Case No. 22-8343-WM. The
PBSO Forensic Biology unit concluded that the DNA profile obtained is approximately
2,000,000,000 times more likely (very strong support) if it originated from Belas ROSIER
and two unknown, unrelated individuals than if the DNA profile obtained originated from
three unknown, unrelated individuals. In short, it is highly likely that ROSIER'S DNA
was on the gloves that were balled up with the cocaine tainted plastic vacuum bag.

### Conclusion

12.    Based on the evidence outlined above, you affiant submits that the illicit drug trafficking
communications were in fact between ROSIER and GARTH. Furthermore, your affiant
submits that ROSIER deposited DNA on the nitrile gloves while he used them as
personal protection while working with the fentanyl and cocaine that was discovered in
his garage.

13.    WHEREFORE, based on the forgoing, you affiant believes that probable cause exists to
charge Belas Shelson ROSIER, YOB - 1991 for the following violations of federal law:

   a.    Knowingly and willfully possessing with the intent to distribute a controlled
substance, to wit 400 grams or more of a mixture or substance containing a
detectable amount of N-phenyl-N- [1- (2-phenylethyl) -4-piperidinyl] propanamide
(commonly known as fentanyl), in violation of 21 U.S.C. §§ 841(a)(1) and
841(b)(1)(A)(vi);

b.    Knowingly and willfully possessing with the intent to distribute a controlled substance, to wit 10 grams or more of a mixture or substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly known as fentanyl analogue), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi);

c.    Knowingly and willfully possessing with the intent to distribute a controlled substance, to wit 28 grams or more of a mixture known to contain cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); and

d.    Knowingly and willfully possessing with the intent to distribute a controlled substance, to wit a mixture known to contain cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____

Anderson B. Sullivan
Special Agent
Homeland Security Investigations

ATTESTED TO ME TELEPHONICALLY
(VIA FACETIME) BY THE APPLICANT
IN ACCORDANCE WITH THE REQUIREMENTS
OF FED. R. CRIM. P. 4.1 THIS 27th
DAY OF JANUARY, 2023.

_____

**HON. WILLIAM MATTHEWMAN**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Belas Shelson ROSIER

**Case No:** 23-8044-WM

**Count #: 1**

**Possession with the Intent to Distribute Controlled Substances (Over 400 grams of fentanyl)**

**Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)**

\* **Max. Term of Imprisonment: Life**

\* **Mandatory Min. Term of Imprisonment (if applicable): 10 years**

\* **Max. Supervised Release:** Life

\* **Max. Fine:** $10,000,000.00

\* **Special Assessment:** $100.00

\* **Immigration consequences** of removal from the United States if the defendant is not a United States Citizen